IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| AMWAY CORP., <br> A Virginia Corporation, and <br> AMWAY CANADA CORPORATION, <br> An Ontario, Canada Corporation <br><br> Plaintiffs, <br><br> v. <br><br> BHIP GLOBAL, INC., <br> Et. al. <br><br> Defendants. | CIVIL ACTION NO. <br><br> 4:10-cv-549 |

_____

**PLAINTIFFS' REQUEST FOR
ENTRY OF DEFAULT JUDGMENT**

TO THE HONORABLE CLERK OF THE COURT:

Amway Corp. and Amway Canada Corporation (hereinafter referred to as "Plaintiffs"), request the Court to enter a Default Judgment, jointly and severally, against Defendants, Management Business Services, LLC, Angel Valley Developments, LLC, Business Empowerment Solutions Team, LLC, Allen Venture Enterprises, LLC, Nevada Wealth


Strategists, LLC, and Success Mastery Company (hereinafter collectively referred to as "Defendants"), as authorized by Federal Rule of Civil Procedure 55[1], and say:

## I.

## INTRODUCTION

A.   Plaintiffs are Amway Corp. and Amway Canada Corporation. The Defendants that have defaulted are Management Business Services, LLC, Angel Valley Developments, LLC, Business Empowerment Solutions Team, LLC, Allen Venture Enterprises, LLC, Nevada Wealth Strategists, LLC, and Success Mastery Company.

B.   On October 13, 2010, Plaintiffs sued Defendants for, *inter alia,* misappropriation of trade secrets, tortious interference with contract and potential contracts and advantageous business relationships.

C.   On October 13, 2010, Plaintiffs filed Plaintiffs' Original Complaint with the above referenced Court. On various dates thereafter, Summons to the Defendants were issued by the Clerk and Defendants were served with a Summons and copy of the Plaintiffs' Original Complaint at various times and on various dates and using various methods of service, all as more particularly described in the affidavits (exhibits) which were attached to docket document 72, filed August 11, 2011 by Plaintiffs. Copies of the returns of service for these Defendants were attached to the affidavits (exhibits) which were attached to docket document 72.

D.   Defendants have never filed a responsive pleading, or otherwise defended the suit. The time for the Defendants to file a responsive pleading has expired, according to the Federal

---

[1] The entry of a Default Judgment against corporate entities who seemingly have no interest in defending themselves in this action because they in all likelihood have no assets to protect and appear to be Judgment proof may appear to be an exercise in futility; however, they are parties in this action and the clerk of the court has defaulted theses Defendants and the court should enter a final resolution of their liability in order to create finality for any Final Judgment.

Rules of Civil Procedure. Defendants have not been granted any extensions to file a response to the suit. No excuse exists under the law for the Defendants' failure to file a responsive pleading, or otherwise defend the suit.

E.    Plaintiffs incorporate and adopt herein by reference the affidavits (Exhibits A, B, C, D, E and F attached hereto) of Plaintiffs' counsel of record, Wm. Charles Bundren, Esq. , attached to docket document 72 filed August 11, 2011 which affidavits set forth in more detail the date(s) of service of the Summons and the Plaintiffs' Original Complaint on the Defendants.

F.    On August 11, 2011, Plaintiffs filed docket document 72 and requested that the clerk enter a default against these Defendants.

G.    On August 12, 2011, the clerk entered a default against

Defendant, Management Business Services, LLC;

Defendant, Angel Valley Developments, LLC;

Defendant, Business Empowerment Solutions Team, LLC;

Defendant, Allen Venture Enterprises, LLC;

Defendant, Nevada Wealth Strategists, LLC; and,

Defendant, Success Mastery Company.

(*See*, docket number 73).

H.    Defendants have not appeared and have not filed any motion to set aside the default against them.

I.    Plaintiffs damages are not "a sum certain or a sum that can be made certain by computation." (*See,* FRCP 55 (b)(1).) Therefore, Plaintiffs apply to the court to enter a default Judgment in accordance with Federal Rule Civil Procedure 55 (b)(2).

J.  Plaintiffs damages are established by the uncontroverted expert witness testimony of Plaintiffs' expert witness, Vince Thomas, at the trial of this matter on December 11, 2012. *(See,* Ex. 1, attached hereto). Mr. Thomas testified, without any rebuttal or contradictory evidence from the default and Defendants, that Plaintiffs damages for the tortious interference with Plaintiffs' contract were $146,023, and Mr. Thomas testified that Plaintiffs damages for misappropriation of trade secrets were $46,216. Defendants did not controvert this damage testimony. Plaintiffs' total damages are $192,239 for these causes of action against these default Defendants.

K.  Plaintiffs move the court to enter a joint and several default Judgment against

Defendant, Management Business Services, LLC;

Defendant, Angel Valley Developments, LLC;

Defendant, Business Empowerment Solutions Team, LLC;

Defendant, Allen Venture Enterprises, LLC;

Defendant, Nevada Wealth Strategists, LLC; and,

Defendant, Success Mastery Company.

in the amount of $192,239.

## II.

## ARGUMENT

A.  The court may enter a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P 55 (a): *see, United States v. $23,000 in U.S. Currency,* 356 F.3d 157, 163 (1st Cir. 2004); and, *N.Y. Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996).

      B.      The court may, but is not required, to conduct a hearing on the default judgment or the amount of damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); FRCP 55(b)(2).

      C.      Plaintiffs submit that the damages are not in dispute and were not rebutted by the defaulted Defendants and, therefore, the court should enter a joint and several default Judgment against the following defaulting Defendants in the amount of the uncontroverted damages of $192,239:

      Defendant, Management Business Services, LLC;

      Defendant, Angel Valley Developments, LLC;

      Defendant, Business Empowerment Solutions Team, LLC;

      Defendant, Allen Venture Enterprises, LLC;

      Defendant, Nevada Wealth Strategists, LLC; and

      Defendant, Success Mastery Company

      D.      These Defendants did not file a responsive pleading within 21 days after the date that these Defendants received a copy of the Summons and Plaintiffs' Original Complaint as required by Fed. R. Civ. P. 12 (a)(1)(A)(i), (ii) these Defendants have not serve an answer or other responsive pleading to Plaintiffs; (iii) no extension has been granted to these Defendants; (iv) theses Defendants are neither an infant (under age 21), nor an incompetent person; (v) these Defendants are not in the active military service of the United States of America or its officers or agents or were not six months prior to the filing of this action; (vi) these Defendants have never answered the complaints against them and have not filed a motion to set aside the August 12, 2011 default entered by the clerk against them;
and, (vii) no other excuse or justification in law exists for these Defendants failure to file a responsive pleading and to defend the suit.

  E. Plaintiffs offer the court the affidavits of Plaintiffs' counsel of record, Wm. Charles Bundren, Esq., (Exhibits A, B, C, D, E and F attached to docket document number 72, filed August 11, 2011) in further support as to each particular Defendant of each particular Defendants' failure to file a responsive pleading and to defend the suit after service of the Summons and Plaintiffs' Original Complaint as required by the Federal Rules of Civil Procedure.

  F. Because Defendants' did not file a responsive pleading or otherwise defend the suit, Defendants are not entitled to notice of entry of default judgment by the court. *Haw. Carpenters' Trust Funds v. Stone,* 794 F.3d 508, 512 (9th Cir. 1986); *see,* Fed. R. Civ. P. 55 (a).

### III.

### CONCLUSION

Defendants have been properly served with a copy of the Summons issued by the Clerk of this Court and with a copy of the Plaintiff's' Original Complaint. Defendants have not filed a responsive pleading, or otherwise defended the suit within the time required by the Federal Rules of Civil Procedure. Defendants' time to respond and defend the case has expired. Defendants have no lawful excuse or justification for their failure to file a responsive pleading and defend the case. Defendants' have defaulted. The clerk entered a default against Defendants and Defendants have not moved to set aside the default. The damages are not disputed by the defaulted Defendants. For these reasons, Plaintiffs request the court to enter a default Judgment, in favor of Plaintiffs and against Defendants, Management Business Services, LLC, Angel Valley Developments, LLC, Business Empowerment Solutions Team, LLC, Allen Venture Enterprises, LLC, Nevada Wealth Strategists, LLC, and, Success Mastery Company, jointly and severally, in the amount of $192,239.

Respectfully Submitted,

/s/ Wm. Charles Bundren
Wm. Charles Bundren, Esq.
Attorney-in-Charge
STATE BAR NO. 03343200
**WM. CHARLES BUNDREN & ASSOCIATES LAW GROUP PLLC**
2591 Dallas Parkway, Suite 300.
Frisco, TX 75034
Telephone:   972.624.5338
Fax:              972.624.5340
Cell:             214.808.3555
E-mail:cbundren@aol.com
  **ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of January, 2013, a true and correct copy of the foregoing was served in accordance with the Federal Rules of Civil Procedure, Rule 5(b)(3), using the Court facilities, and United States District Court for the Eastern District of Texas Local Rule CV-5(d) on counsel of record identified below by electronic means in compliance with Local Rule CV-5(a) in lieu of service and notice by mail by and through the Court's ECF filing system.

/s/ Wm. Charles Bundren
WM. CHARLES BUNDREN, ESQ.
**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF ELECTRONIC FILING

The undersigned hereby certifies, pursuant to Local Rule CV-5(d) that this document has been filed with the Court by electronic means.