# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| AMWAY CORPORATION and<br>AMWAY CANADA CORPORATION | §<br>§<br>§ | |
| V. | § | CASE NO. 4:10-CV-549 |
| | § | Judge Mazzant |
| BHIP GLOBAL, INC., et al. | §<br>§ | |

## VERDICT FORM

### QUESTION ONE

Did Defendants intentionally or willfully interfere with Plaintiffs' contract with Casey Combden or Plaintiffs' other distributors?

Answer "Yes" or "No" for each of the following:

bHIP Global, Inc.: _____No_____

Terry LaCore: _____No_____

Kosta Gara: _____No_____

Team in Motion, LLC: _____No_____

If you answered "Yes" as to any Defendant, proceed to Question No. 2.

If you answered "No" as to all Defendants, proceed to Question No. 5.

### QUESTION TWO

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for Defendants' intentional or willful interference with Plaintiffs' contracts with Casey Combden or other distributors? When assessing damages, if any, do not reduce the amount

1

awarded for a claim because of an amount you awarded for a different claim. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer in dollars, if any:

Answer: _____

Proceed to Question No. 3.

## QUESTION THREE

Do you find by clear and convincing evidence that Defendants' intentional and willful interference with Plaintiffs' contracts with Casey Combden or other distributors resulted from malice on the part of Defendants?

Answer Yes or No.

Answer: _____

If you answered "Yes" to Question No. 3, proceed to Question No. 4.

If you answered "No" to Question No. 3, proceed to Question No. 5.

## QUESTION FOUR

What sum of money, if any, should be assessed against Defendants and awarded to Plaintiffs as exemplary damages for the conduct found in response to Question No. 3?

In determining the amount of exemplary damages you shall consider evidence, if any, relating to:

a. The nature of the wrong.

b. The character of the conduct involved.

c. The degree of culpability of Defendants.

d. The situation and sensibilities of the parties concerned.

e. The extent to which such conduct offends a public sense of justice and propriety.

f. The net worth of Defendants.

Answer in dollars, if any:

Answer: _____

Proceed to Question No. 5.

## QUESTION FIVE

Did Defendants intentionally interfere with Plaintiffs' business relationships with Casey Combden or Plaintiffs' other distributors?

Answer "Yes" or "No" for each of the following:

bHIP Global, Inc.:     *No*

Terry LaCore:          *No*

Kosta Gara:            *No*

Team in Motion, LLC:   *No*

If you answered "Yes" as to any Defendant, proceed to Question No. 6.

If you answered "No" as to all Defendants, proceed to Question No. 7.

3

## QUESTION SIX

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for Defendants' interference with Plaintiffs' existing business relationships with Casey Combden or other distributors? When assessing damages, if any, do not reduce the amount awarded for a claim because of an amount you awarded for a different claim. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer in dollars, if any:

Answer: _____

Proceed to Question No. 7.

## QUESTION SEVEN

Did Defendants or their agent(s) misappropriate any Amway trade secrets?

Answer "Yes" or "No" for each of the following:

bHIP Global, Inc.:        _No_

Terry LaCore:             _No_

Kosta Gara:               _No_

Team in Motion, LLC:      _No_

If you answered "Yes" as to any Defendant, proceed to Question No. 8.

If you answered "No" as to all Defendants, proceed to Question No. 11.

## QUESTION EIGHT

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for Defendants' misappropriation of Plaintiffs' trade secrets? When assessing damages, if any, do not reduce the amount awarded for a claim because of an amount you awarded for a different claim. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer in dollars, if any:

Answer: _____

Proceed to Question No. 9.

## QUESTION NINE

Do you find by clear and convincing evidence that Defendants' misappropriation of Plaintiffs' trade secrets resulted from malice on the part of Defendants?

Answer Yes or No.

Answer: _____

If you answered "Yes" to Question No. 9, proceed to Question No. 10.

If you answered "No" to Question No. 9, proceed to Question No. 11.

## QUESTION TEN

What sum of money, if any, should be assessed against Defendants and awarded to Plaintiffs as exemplary damages for the conduct found in response to Question No. 9?

In determining the amount of exemplary damages you shall consider evidence, if any, relating to:

    a.    The nature of the wrong.

    b.    The character of the conduct involved.

    c.    The degree of culpability of Defendants.

    d.    The situation and sensibilities of the parties concerned.

    e.    The extent to which such conduct offends a public sense of justice and propriety.

    f.    The net worth of Defendants.

Answer in dollars, if any.

Answer: _____


Proceed to Question No. 11.


## QUESTION ELEVEN

Do you that Defendants violated the Texas Theft Liability Act by unlawfully appropriating Plaintiffs' trade secrets?

Answer "Yes" or "No" for each of the following:

    bHIP Global, Inc.:    *No*

    Terry LaCore:    *No*

    Kosta Gara:    *No*

    Team in Motion, LLC:    *No*


If you answered "Yes" as to any Defendant, proceed to Question No. 12.

If you answered "No" as to all Defendants, proceed to Question No. 13.

## QUESTION TWELVE

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for Defendants' violation of the Texas Theft Liability Act? When assessing damages, if any, do not reduce the amount awarded for a claim because of an amount you awarded for a different claim. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer in dollars, if any:

Answer: _____

Proceed to Question No. 13.

## QUESTION THIRTEEN

Do you find that Defendants converted Plaintiffs' trade secrets?

Answer "Yes" or "No" for each of the following:

bHIP Global, Inc.:        No

Terry LaCore:             No

Kosta Gara:               No

Team in Motion, LLC:      No

If you answered "Yes" as to any Defendant, proceed to Question No. 14.

If you answered "No" as to all Defendants, proceed to Question No. 17.

## QUESTION FOURTEEN

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for Defendants' conversion? When assessing damages, if any, do not reduce the amount awarded for a claim because of an amount you awarded for a different claim. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer in dollars, if any:

Answer: _____

Proceed to Question No. 15.


## QUESTION FIFTEEN

Do you find by clear and convincing evidence that Defendants' conversion of Plaintiffs' trade secrets resulted from malice on the part of Defendants?

Answer Yes or No.

Answer: _____

If you answered "Yes" to Question No. 15, proceed to Question No. 16.

If you answered "No" to Question No. 15, proceed to Question No. 17.


## QUESTION SIXTEEN

What sum of money, if any, should be assessed against Defendants and awarded to Plaintiffs as exemplary damages for the conduct found in response to Question No. 15?

8

In determining the amount of exemplary damages you shall consider evidence, if any, relating to:

    a.    The nature of the wrong.

    b.    The character of the conduct involved.

    c.    The degree of culpability of Defendants.

    d.    The situation and sensibilities of the parties concerned.

    e.    The extent to which such conduct offends a public sense of justice and propriety.

    f.    The net worth of Defendants.

Answer in dollars, if any.

    Answer: _____

Proceed to Question No. 17.

## QUESTION SEVENTEEN

Do you find that Defendants committed false advertising under the Lanham Act?

Answer "Yes" or "No" for each of the following:

    bHIP Global, Inc.:    *NO*

    Terry LaCore:    *NO*

    Kosta Gara:    *NO*

    Team in Motion, LLC:    *NO*

If you answered "Yes" as to any Defendant, proceed to Question No. 18.

If you answered "No" as to all Defendants, proceed to Question No. 19.

9

## QUESTION EIGHTEEN

What sum of money, if any, would fairly and reasonably compensate Plaintiffs as damages caused by Defendants' false advertising? When assessing damages, if any, do not reduce the amount awarded for a claim because of an amount you awarded for a different claim. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer in dollars, if any:

      Answer: _____

Proceed to Question No. 19.

## QUESTION NINETEEN

Do you find that Defendants committed unfair competition?

Answer "Yes" or "No" for each of the following:

| | |
|---|---|
| bHIP Global, Inc.: | No |
| Terry LaCore: | No |
| Kosta Gara: | No |
| Team in Motion, LLC: | No |

If you answered "Yes" as to any Defendant, proceed to Question No. 20.

If you answered "No" as to all Defendants and answered "Yes" to any part of Question Nos. 1, 5, or 7, then proceed to Question No. 21.

Otherwise, proceed no further.

## QUESTION TWENTY

What sum of money, if any, would fairly and reasonably compensate Plaintiffs as damages caused by Defendants' unfair competition? When assessing damages, if any, do not reduce the amount awarded for a claim because of an amount you awarded for a different claim. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer in dollars, if any:

      Answer: _____


If you answered "Yes" to any part of Question Nos. 1, 5, or 7, then proceed to Question No. 21.

Otherwise, proceed no further.


## QUESTION TWENTY-ONE

Do you find that Defendants were engaged in a conspiracy?

Answer "Yes" or "No" for each of the following:

    bHIP Global, Inc.: _____

    Terry LaCore: _____

    Kosta Gara: _____

    Team in Motion, LLC: _____

If you answered "Yes" as to any Defendant, proceed to Question No. 22.

If you answered "No" as to all Defendants, proceed no further.

## QUESTION TWENTY-TWO

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for Defendants' conspiracy? When assessing damages, if any, do not reduce the amount awarded for a claim because of an amount you awarded for a different claim. Any recovery will be determined by the Court when it applies the law to your answers at the time of judgment.

Answer in dollars, if any:

Answer: _____


Proceed to Question No. 23.


## QUESTION TWENTY-THREE

Do you find by clear and convincing evidence that the harm caused by Defendants' conspiracy resulted from malice on the part of Defendants?

Answer Yes or No.

Answer: _____


If you answered "Yes" to Question No. 23, proceed to Question No. 24.

If you answered "No" to Question No. 23, proceed no further.

12

## QUESTION TWENTY-FOUR

What sum of money, if any, should be assessed against Defendants and awarded to Plaintiffs as exemplary damages for the conduct found in response to Question No. 23?

In determining the amount of exemplary damages you shall consider evidence, if any, relating to:

a. The nature of the wrong.

b. The character of the conduct involved.

c. The degree of culpability of Defendants.

d. The situation and sensibilities of the parties concerned.

e. The extent to which such conduct offends a public sense of justice and propriety.

f. The net worth of Defendants.

Answer in dollars, if any.

Answer: _____

Proceed no further. The jury foreperson should sign and date the Verdict Form and return it to the Security Officer.

12/13/2012
Date