# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| AMWAY CORP., ET AL. | § | |
| | § | |
| V. | § | CASE NO. 4:10-CV-549 |
| | § | (Judge Mazzant) |
| BHIP GLOBAL, INC., ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Amend Judgment and Motion to Tax Costs (Dkt. #208). Having considered the relevant pleadings, the Court finds that the motion should be granted in part.

### Background

Plaintiffs Amway Corp. and Amway Canada Corporation (collectively referred to as "Amway") sued for alleged tortious interference and misappropriation of trade secrets against Defendants bHIP Global, Inc. ("bHIP"), Terry LaCore ("LaCore"), Team in Motion, LLC ("Team in Motion") and Kosta Gara ("Gara"). Amway, the world's largest multilevel marketing ("MLM") company, claims that Defendants interfered with a handful of its Canadian distributors by introducing them to a new multilevel marketing opportunity in the summer of 2010. Amway claims that Defendants attempted to utilize an Amway distributor named Casey Combden ("Combden") to gain access to Amway's distributor database and thereafter improperly solicit other distributors. Specially, Amway asserted the following claims: (1) tortious interference with contracts and/or business relations; (2) tortious interference with prospective business relations; (3) trade secret misappropriation; (4) unfair competition claim; (5) Texas theft and liability act; (6) conversion; and (7) Lanham Act claim.

The Court conducted a jury trial from December 4, 2012, through December 13, 2012, after

which the jury returned a verdict finding for Defendants on all claims on December 13, 2012. The Court entered a Judgment, based upon the jury's verdict, in favor of Defendants. The Court also ordered that all costs are to be paid by the party incurring same.

On December 28, 2012, Defendants filed a motion to amend judgment and motion to tax costs (Dkt. #208).   On January 17, 2013, Plaintiffs filed a response (Dkt. #212). On January 28, 2013, Defendants filed a reply (Dkt. #215).  On February 8, 2013, Plaintiffs filed a sur-reply (Dkt. #222).

## Discussion

Defendants request that the Court amend its Judgment and award Defendants their costs. Defendants also seek an award of attorney's fees as the prevailing party under the Texas Theft Liability Act.

In its Judgment, the Court ordered that all costs are to be paid by the party incurring same. Upon reflection, the Court agrees with Defendants and will amend the Judgment to award costs to Defendants.

Defendants also request that the Court award attorney's fees, asserting that they are prevailing parties under the Texas Theft Liability Act.  Assuming that Defendants are correct that they are prevailing parties for purposes of the Texas Theft Liability Act, the Court finds that Defendants are not entitled to an award of attorney's fees based upon this record. First, Defendants did not properly assert a claim for attorney's fees. Defendants did not file a counterclaim seeking attorney's fees nor did they assert a claim for attorney's fees in any pleading prior to the Pretrial Order.  Defendants assert that the Pretrial Order did contain this statement: "Further, Defendants assert that Plaintiffs are barred from relief under the Lanham Act by the doctrine of unclean hands and that Gara and TIM are entitled to reasonable attorneys' fees to the extent they prevail on

Plaintiffs' Theft Liability Act claim." Essentially, Defendants asserted a claim for attorney's fees into the Pretrial Order when no such claim had been previously asserted. A pretrial order narrows the issues, but a party cannot expand the issues in a case. The Court finds that Defendants waived any request for attorney's fees in this case. Second, even of the issue were properly before the Court, Defendants failed to designate an expert on the issue of their request for attorney's fees. Defendants did designate Ted Anderson as a witness in the case, but Ted Anderson's report and deposition testimony only related to Plaintiffs' request for attorney's fees and never mentioned that Defendants were seeking attorney's fees. In addition, Ted Anderson was only designated as a rebuttal expert witness.

It is therefore ORDERED that Defendants' Motion to Amend Judgment and Motion to Tax Costs (Dkt. #208) is hereby GRANTED in part, and Defendants are awarded costs against Plaintiffs. Defendants' request for attorney's fees is hereby DENIED.

**SIGNED this 29th day of May, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE